Doc. Number
106

Case Number
02-C-0657-C

United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz

Filed/Received
01/20/2004 03:37:29 PM CST

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MARTIN LeVAKE and
MADELINE LeVAKE, et al.,

                Plaintiffs,

v.

WILLIAM ZAWISTOWSKI, a/k/a
WILLIAM ZAWISTOWSKI, JR.,

                Defendant,

           and

RURAL MUTUAL INSURANCE
COMPANY,

                Intervening Defendant.

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Case No. 02-C-0657-C

---

Plaintiffs, by their attorneys, Sivertson & Barrette, P.A., submit this brief in opposition to Defendant Zawistowski's claim for attorneys' fees and costs, expenses, and disbursements.

**INTRODUCTION**

On December 11, 2003, the Court issued an Opinion and Order in which it found insufficient subject matter jurisdiction to rule on the merits of Plaintiffs' nuisance lawsuit against Defendant Zawistowski. Specifically, the Court ruled that insufficient amount-in-controversy existed to allow for federal court jurisdiction over the matter. Now, Defendant Zawistowski moves the Court for an award of attorneys' fees and litigation expenses incurred to date. This

Memorandum explains that Defendant Zawistowski relies upon improper application of Wisconsin Statutes §823.08(4) and mistaken understanding of "prevailing party" analysis. As such, Defendant Zawistowski's motion should be denied.

## BACKGROUND

In this litigation, Plaintiffs seek legal redress for nuisance-causing agricultural practices on the part of Defendant Zawistowski. *See* Second Amended Complaint. Defendant Zawistowski answered Plaintiffs' action in large part by relying upon Wisconsin Statutes §823.08, the state Right-to-Farm Act. *See* Answer to Second Amended Complaint. Indeed, Defendant Zawistowski brought a motion for summary judgment before the Court seeking to foreclose Plaintiffs' nuisance action upon the basis of the Right-to-Farm Act's nuisance-immunity provisions. *See* Def.'s Notice of Motion and Motion dated July 28, 2003. The Court, however, did not rule on any of Defendant Zawistowski's defenses or arguments for summary judgment. Before reaching the merits of the case, the Court found that the record lacked sufficient amount-in-controversy evidence so as to confer federal subject matter jurisdiction. *See* Order and Opinion dated December 11, 2003.

Even though the Court's order does not foreclose Plaintiffs' nuisance claims and Plaintiffs now pursue legal redress within the state court system, *see* Affidavit of Alf E. Sivertson, Defendant Zawistowski moves the Court for an award of attorneys' fees and costs incurred to date. Defendant Zawistowski relies upon the fee-shifting provision of the Wisconsin Right-to-Farm Act:

> (b)   Notwithstanding s. 814.04(1) and (2), the court shall award litigation expenses to the defendant in any action in which an agricultural use or agricultural practice is alleged to be a nuisance if the agricultural use or agricultural practice is not found to be a nuisance.

Wisc.Stat. §823.08(4). The following examination of Defendant Zawistowski's interpretation and application of the above provision reveals that his motion should be denied.

## ARGUMENT

As an initial matter, Defendant Zawistowski argues that a federal court possesses jurisdiction to hear a motion for an award of attorneys' fees and costs even though it previously found insufficient subject matter jurisdiction to decide the merits of the case. (Def.'s Mem. at 7-9.) Plaintiffs do not dispute this proposition. Therefore, in this Memorandum Plaintiffs solely address the appropriateness of granting such an award in the present case.

Defendant Zawistowski's motion argues in favor of an award of attorneys' fees and costs under Wisconsin Statutes §823.08(4) upon two focal points. First, he claims that he deserves attorneys' fees and costs because Plaintiffs did not obtain a decision on the merits of the case. Second, Defendant Zawistowski claims he deserves such an award because he is a "prevailing party" under the statute. On both counts, Defendant Zawistowski is wrong and his motion for an award of attorneys' fees and costs should be denied.

**I.   THE JURISDICTIONAL IMPEDIMENT TO A DECISION ON THE MERITS OF THIS CASE DOES NOT ENTITLE DEFENDANT ZAWISTOWSKI TO ATTORNEYS' FEES AND COSTS UNDER WISC.STAT. §823.08(4).**

Defendant Zawistowski asserts that he is entitled to an award of attorneys' fees and costs under Wisc.Stat. §823.08(4) "because Plaintiffs claimed that his agricultural use or practice was a nuisance but there was no finding in this action that they constituted a nuisance." (Def.'s Mem. at 12.) According to Defendant Zawistowski, "the policies of the Right-to-Farm Law require that fees be shifted, regardless of whether the plaintiff loses on the merits or its case is ultimately dismissed because of jurisdictional or procedural flaws." (Def.'s Mem. at 11.) With no legal

support for this conclusion, Defendant Zawistowski offers hypotheticals and analogies as persuasive authority. (Def.'s Mem. at 12, 14.)

Defendant Zawistowski's position, however, fails to take into account the practical effect of applying the present case to his purported statutory framework. Defendant Zawistowski wishes to cash in on an award of over $200,000.00 in the face of the fees and costs racked up by his attorneys to date. (Def.'s Mem. at 2.) The problem with this conclusion is that the nuisance litigation between the parties is not over. As is their right, Plaintiffs are in the course of continuing their nuisance cause of action against Defendant Zawistowski in the Wisconsin state court system. *See* Affidavit of Alf E. Sivertson.

Of course, this fact exposes the fault in Defendant Zawistowski's interpretation of Wisc.Stat. §823.08(4). Allowing a defendant to enjoy an award of exorbitant attorneys' fees and costs when the merits of the case are still subject to judicial ruling is nonsensical. Such an award cannot be reconciled with a later finding of nuisance. Regardless, Defendant Zawistowski suggests that such an outcome is "sound public policy." (Def.'s Mem. at 13.) Plaintiffs reject this notion of "sound public policy" and indeed there is no indication that the Wisconsin legislature intended the Right-to-Farm Act to operate in that manner.[1] Given that Defendant Zawistowski's position is based entirely on public policy considerations, his argument here fails. Therefore, an award of attorneys' fees and costs at this point in the present litigation is improper and Defendant Zawistowski's motion for over $200,000.00 in such expenses should be denied.

---

[1] On the contrary, the express legislative purpose of the Right-to-Farm Act states that only "to the extent possible consistent with good public policy" should the law not hamper agricultural production. Wis. Stat. §823.08(1). The legislature certainly did not intend "good public policy" to include the destruction of one of Wisconsin's finest lakes by phosphorus pollution from Defendant Zawistowski's agricultural practices. Under such circumstances only a determination on the merits of the nuisance claim should result in an award of attorneys fees and costs.

## II. DEFENDANT ZAWISTOWSKI IS NOT A "PREVAILING PARTY."

Defendant Zawistowski also claims that he is a prevailing party under Wisc.Stat. §823.08(4) in Plaintiffs' nuisance litigation against him. While numerous fee-shifting provisions contained in federal legislation allow for awards of attorneys' fees and costs to "prevailing parties", *see*, *e.g.*, 42 U.S.C. §11046(f) ("Emergency Planning and Community Right-to-Know Act"), 42 U.S.C. §1998 (for use in federal civil rights cases), 20 U.S.C. §1415(i)(3)(B) ("Individuals with Disabilities Education Act"), the Wisconsin Right-to-Farm Act does not contain such language. However that may be, Defendant Zawistowski's argument on this point only leads to further reason for denying his motion for over $200,000.00 in attorneys' fees and costs.

Proper understanding of what constitutes a "prevailing party" in litigation takes all weight out of Defendant Zawistowski's argument here. The Seventh Circuit Court of Appeals recently examined "prevailing party" analysis by quoting the United States Supreme Court: "the Court wrote, the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 929 (7th Cir.2000) *quoting* Texas State Teachers Ass'n v. Garland Ind. Sch. Dist., 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). In Citizens for a Better Environment, the plaintiff brought suit against the defendant for violation of reporting deadlines under the Emergency Planning and Community Right-to-Know Act. Only after the Supreme Court ruled that the plaintiff lacked standing and thereby foreclosed any further litigation was the defendant able to pursue attorney's fees and costs. *See* 230 F.3d at 925. Providing great insight into Defendant Zawistowski's motion at bar, the Seventh Circuit explained:

5

> If a plaintiff prevails by securing a change in legal relations, then a defendant prevails by securing an entitlement not to have any change in legal relations. If a plaintiff prevails by an award of damages or an injunction, the defendant prevails by securing a declaration that it need not pay damages or alter its behavior. Defeating a plaintiff on the merits is one way to obtain such assurance, but hardly the only way. A declaration that the plaintiff and others like it are not even entitled to sue accomplishes the same end, and more. ***
>
> Sometimes victory on a jurisdictional point merely prolongs litigation. A defendant may persuade the court that the plaintiff has sued too soon, or in the wrong court, or failed to jump through a procedural hoop. Then the dispute will continue later, or elsewhere, and it remains to be seen who will prevail. Such a victory is like persuading a judge to deny summary judgment, a step that transfers decision to a jury but does not end the litigation in defendant's favor and therefore does not make it a prevailing party. *** But the Supreme Court's decision in this case did not just put off the evil day for The Steel Company. It terminated this suit and barred all others like it, for as long as the statute retains its current language. It was a triumph in the war, not just in a battle or even a campaign.
>
> We hold that when a dismissal for want of jurisdiction *forecloses the plaintiff's claim*, the defendant is the "prevailing party."

230 F.3d at 929-30. (emphasis added)

Here, the Court's dismissal for want of subject matter jurisdiction does not foreclose Plaintiffs' nuisance cause of action against Defendant Zawistowski. The court's findings with regard to amount-in-controversy federal jurisdiction created no material alteration of the legal relationship of the parties. Indeed, the Plaintiffs still have standing and the litigation will continue later, albeit elsewhere. To borrow the Seventh Circuit's analogy, Defendant Zawistowski won the amount-in-controversy jurisdiction battle in federal court, but the war over the merits of the nuisance action will move to state court for a final determination.

Subsequent to the Seventh Circuit's examination in <u>Citizens for a Better Environment</u>, the Supreme Court definitively ruled upon the meaning of "prevailing party" as that language is used in federal fee-shifting provisions. In <u>Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health</u>, the Supreme Court declared that the plain meaning of the term

6

"prevailing party" requires either (1) an enforceable judgment upon the merits of the case, or (2) a court-ordered consent decree in order to "create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." 532 U.S. 598, 603-04, 121 S. Ct. 1835, 1839-40 (2001). Of course, in the present litigation neither of these events has occurred by way of the December 11, 2003, Order and Opinion. Therefore, Defendant Zawistowski is not a "prevailing party" and his motion for an award of attorneys' fees and costs to date should be denied.

### III.  DEFENDANT ZAWISTOWSKI IS NOT ENTITLED TO "JUST COSTS" UNDER 28 U.S.C. §1919.

Finally, Defendant Zawistowski asks the Court to award "just costs" pursuant to 28 U.S.C. §1919. Defendant Zawistowski, however, offers no reason for the Court to award "just costs" in this case. Costs awarded under this provision are not subject to a presumption that they shall be awarded to a prevailing party (which Defendant Zawistowski not) nor does the caselaw cited by Defendant Zawistowski, standing alone, support an award under 28 U.S.C. §1919. "The case makes clear that it is permissible to award deposition costs even if a case is dismissed for lack of jurisdiction but it by no means demands, or even promotes, such a result." Edward W. Gillen Co. v. Hartford Underwriters Ins. Co., 166 F.R.D. 25, 29 fn.2 (E.D.Wis.1996) *citing* Mashak v. Hacker, 303 F.2d 526 (7th Cir.1962). With no presumption in his favor and no offer of reasoning on his part, Defendant Zawistowski is not entitled to just costs under the federal statute.

## IV. THE INVOICES, AS REDACTED, PRECLUDE THE PLAINTIFFS FROM MAKING ANY ARGUMENT REGARDING THE REASONABLENESS AND LEGITIMACY OF THE FEES.

Defense counsels' invoices for attorneys' fees contain a total of 345 time entries. Of those time entries, 272 or 79% are either partially or totally redacted. It is therefore impossible for the Plaintiffs to make any argument regarding the reasonableness and legitimacy of the fees Defendant Zawistowski's attorneys say they have incurred defending him in this action. This is prejudicial to the Plaintiffs. Mr. Ragatz suggests that he is prepared to provide unredacted copies to the Court for in camera inspection. Ragatz Aff. at ¶3. But that will not cure the prejudice because the Plaintiffs will still not be able to scrutinize the time entries and make appropriate argument regarding the reasonableness and legitimacy of the time. Moreover, it is highly suspect that 79 percent of the time entries involve protected attorney-client privileges. For these additional reasons, Defendants' motion for attorneys' fees should be denied.

## V. DEFENDANT ZAWISTOWSKI HAS FAILED TO FILE PROOF THAT HE IS THE ONE THAT HAS PAID THE ATTORNEYS' FEES.

The Affidavit of Ronald R. Ragatz supporting the motion for attorneys' fees was carefully crafted to say only that the invoices "cover attorneys' fees and disbursements actually rendered and invoiced" in the case through November 2003. Ragatz Aff. at ¶ 4. It is silent as to who, if anyone, has paid the attorneys' fees. If someone else, such as the Wisconsin Cranberry Growers Association, has been paying Defendant Zawistowski's attorneys' fees and costs then he has not incurred the expenses and is not entitled to an award under Wisconsin's Right-to-Farm Act. Actual proof of who has paid, such as cancelled checks, should be served and filed.

## CONCLUSION

Defendant Zawistowski seeks over $200,000.00 to pay his attorneys' fees and costs in a controversy that is unresolved and subject to further litigation. The only authority on the issue rejects such a proposition. Wisconsin's Right-to-Farm Act does not allow for such an award in the present case and Defendant Zawistowski is not a "prevailing party" to this litigation.

Further, Defendant Zawistowski is not entitled to "just costs" under 28 U.S.C. §1919. Moreover, the Plaintiffs are prejudiced because the extensive redacting of the time entries preclude any argument about the reasonableness and legitimacy of the attorneys' time incurred. Finally, there has been no showing that Defendant Zawistowski is the one who had paid the fees. In sum, then, Defendant Zawistowski's motion for an award of attorneys' fees and costs at this state of the litigation should be denied.

Dated: January 20, 2004.

LAW OFFICES OF
SIVERTSON AND BARRETTE, P.A.

By:_____
    Alf E. Sivertson (122233)
    Attorney for the Plaintiffs
    The Barrister Building
    1465 Arcade Street
    Saint Paul, MN 55106-1723
    (651) 778-0575